CHARLES B. PORCH, Respondent, v. JOSEPHINE POLLOCK, Appellant.

**Kansas City Court of Appeals, November 3, 1913.**

1. **ACCOUNTS: Proof: Value.** In an action on an itemized account if there is no proof of the value of the items the case must fail, even though it is shown the items were furnished.

2. ————: ————: ————: **Conversion: Value.** Even if an action on an itemized account can be considered as a statement in conversion before a justice of the peace, there must be some evidence of the value of the thing converted.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED.

*Pope & Lohman* for appellant.

*F. E. Luckett* for respondent.

ELLISON, P. J.—Plaintiff brought this action before a justice of the peace on an account for twenty-five dollars. The judgment on appeal to the circuit court was for him in that sum.

The following is the account:

Josephine Pollock, Dr.,     To Charles B. Porch, Cr.

| | |
|---|---|
| October, 1911, seed wheat, ............ | $9.25 |
| October, 1911, to team hire ............ | 8.00 |
| October, 1911, to drilling wheat ........ | 2.00 |
| October, 1911, to labor ................ | 9.75 |
| Total ................... ...... | $25.00 |

The plaintiff himself was the only witness in the case. He testified that the defendant, Mrs. Pollock, employed him in the fall of 1911 to put three and one-half acres of land belonging to her in grass. He

was to sow it in grass and also with wheat, she to furnish the grass seed and he the wheat seed. And as compensation he was to have all the wheat crop, for thus seeding the ground in grass. He prepared the ground and sowed the two seeds, "and," as he stated, "it went on until the next following spring" when she "sold and disposed of the wheat crop all together with the place," the purchaser taking possession and plowing up the ground.

At this the case stopped midway. It fails to sustain the judgment in any way it may be taken. If considered as an ordinary account, the items of which are above set out, it was not proven. There was no evidence of the quantity or value of seed wheat; no evidence of the hire of a team, or what it was worth; nor was there any evidence of the value of drilling wheat or of the labor.

Even if the growing wheat be considered as personalty and that plaintiff was guilty of conversion in selling it as her own; and conceding a suit in conversion could be stated in the form of an account in which this appears, containing no statement of the facts of the case, yet there was no evidence of its value.

The judgment must be reversed. All concur.